UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KABRINA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| MONARCH RECOVERY MANAGEMENT, ) | |
| INC. and MONARCH RECOVERY ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, KABRINA WHITE ("Plaintiff"), through her attorney, MIKE AGRUSS LAW, alleges the following against Defendants, MONARCH RECOVERY MANAGEMENT, INC. and MONARCH RECOVERY HOLDINGS, INC. ("Defendants" collectively):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in City of Richmond, Fort Bend County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collection agencies with a principal place of business located in Philadelphia, Pennsylvania.

11. Defendants are business entities engaged in the collection of debt within the State of Texas.

12. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

13. Plaintiff allegedly owes a charged-off debt as that term is defined by the TDCA.

14. Within the last year (FDCPA), Defendants attempted to collect consumer debt from Plaintiff.

15. Within the last two years (TDCA), Defendants attempted to collect a consumer debt from Plaintiff.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

2

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid account with First Premier Bank.

21. Plaintiff does not have an account with First Premier Bank.

22. Plaintiff has never had an account, nor owed any debt, to First Premier Bank.

23. Defendants are attempting to collect a debt from Plaintiff which Plaintiff does not owe.

24. Defendants are attempting to collect a debt which they have acknowledged is owed by someone named "Khemareah."

25. Despite the foregoing, Defendants have continued to attempt to collect the debt from Plaintiff.

26. The alleged debt at issue arises from transactions for personal, family, and household purposes.

27. Within the past year, in or around May 2024, Defendants began placing daily collection calls to Plaintiff on her cellular telephone number of xxx-xxx-5641 in an attempt to collect the alleged debt.

28. Defendants call Plaintiff from various different numbers, including but limited to: 833-

3

417-2664, 888-402-0030, 844-205-2136, 888-402-2835, 844-205-2138, 888-402-2788, 833-840-1418, which are some of Defendants' telephone numbers.

29. In or around May 2024, Plaintiff answered one of Defendants' collection calls and spoke with one of Defendants' collectors.

30. During the foregoing conversation:

   a. Plaintiff advised Defendants' collector that she was not the person they are looking for and further advised that she did not owe the alleged debt they are attempting to collect.

   b. Defendants' collector ignored Plaintiff, and instead, offered Plaintiff a discount if she would pay the alleged debt.

   c. Plaintiff told Defendant's collector to stop contacting her.

31. Despite the foregoing, Defendants' collector continued to call Plaintiff unabated, including but not limited to on June 28, July 1, 3, 13, 15, 17, 19, 22, 24, 29, August 6, 8, 19, 20, 23, 27, 30, September 4, 5, 12, 19, 20, and 26, 2024.

32. On or about July 2, 2024, Defendants sent Plaintiff the following text message to her personal telephone number:

   a. "You'll rcv acct msgs from Monarch Recovery Management – Debt Collector in regards to your acct with First Premier Bank. # of msgs varies by acct. Msg&DataRatesMayApply.  ?'s call  844-280-6011.  INFO: https://s-url.pro/zFWP6b3 This is an attempt to collect a debt and any information obtained will be used for that purpose. To optout reply STOP"

33. On or about July 2, 2024, Plaintiff clicked the link in the aforementioned text message from Defendants and was brought to a landing page (evokepay.com) with Defendants'

4

company logo, "Monarch Recovery Management, Inc.," at the top of the page, and the following message was displayed below the logo:

    a. "Welcome KHEMAREAH! You have a payable balance. Your current balance is $638.38. Pay your Balance. Your current balance is $638.38. Pay your Balance in Full in two (2) or more monthly payments. To pay your balance in Full in one payment, click Make a Single Payment below. Pay Now."

34. Plaintiff's name is not "KHEMAREAH".

35. On or about July 9, 2024, Defendants sent Plaintiff the following text message to her personal telephone number:

    a. "Monarch Recovery Management – Debt Collector: Please call 844-280-6011 to discuss your Frist Premier Bank account and refer to file# 33339874. This is an attempt to collect a debt and any information obtained will be used for that purpose. To optout reply STOP"

36. On or about July 25, 2024, Defendants sent Plaintiff the following text message to her personal telephone number:

    a. "Monarch Recovery Management – Debt Collector: We can offer you a discount to settle your account with First Premier Bank. Please visit us at https://s-url.pro/zFWP6b3 and refer to file# 33339874. This is an attempt to collect a debt and any information obtained will be used for that purpose. To optout reply STOP"

37. On or about August 13, 2024, Defendants sent Plaintiff the following text message to her personal telephone number:

    a. "Monarch Recovery Management – Debt Collector: We can offer you a discount to settle your account with First Premier Bank. Please visit us at https://s-

url.pro/zFWP6b3 and refer to file# 33339874. This is an attempt to collect a debt and any information obtained will be used for that purpose. To optout reply STOP"

38. On or about September 18, 2024, Defendants sent Plaintiff the following text message to her personal telephone number:

    a. "Monarch Recovery Management – Debt Collector: You can save 35% to settle your account with First Premier Bank. Please visit us at https://s-url.pro/zFWP6b3 and refer to file# 33339874. This is an attempt to collect a debt and any information obtained will be used for that purpose. To optout reply STOP"

39. Defendants are or should be familiar with the FDCPA.

40. Defendants are or should be familiar with the TDCA.

41. Defendants engaged in the foregoing conduct with intent to annoy, abuse, or harass Plaintiff.

42. Defendants employed the foregoing debt collection tactics in an attempt to coerce Plaintiff into making payment to Defendant.

43. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

45. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural

      consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendants continued to call Plaintiff despite her requests that Defendants stop calling and despite Plaintiff informing Defendants she was not the debtor, and when Defendants attempted to collect a debt from Plaintiff of which Defendants know Plaintiff does not owe;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendants continued to call Plaintiff numerous times despite her requests that Defendant stop calling, and when Defendants attempted to collect a debt from Plaintiff which Defendants know Plaintiff does not owe;

c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in at least the following discrete violations of § 1692e;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant continuously attempted to collect a debt that Plaintiff does not owe;

e. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect a debt which Defendants know Plaintiff does not owe;

f. Defendants violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, KABRINA WHITE, respectfully requests judgment be entered against Defendants, MONARCH RECOVERY MANAGEMENT, INC. and MONARCH RECOVERY HOLDINGS, INC., for the following:

   a. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

   b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

   c. Costs and reasonable attorneys' pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

   d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE TEXAS DEBT COLLECTION ACT

46. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. Defendants violated the TDCA based on the following:

   a. Defendants violated Tex. Fin. Code § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendants continued to call Plaintiff numerous times from various numbers despite her requests that Defendant stop calling, and when Defendants attempted to collect a debt from Plaintiff, via numerous phone calls and text messages, which Defendants know Plaintiff does not owe;

   b. Defendants violated Tex. Fin. Code § 392.304(19) by using any other false

representation or deceptive means to collect a debt or obtain information concerning a consumer, when Defendants continued to call Plaintiff numerous times on a daily basis from various numbers despite her requests that Defendant stop calling, and when Defendants attempted to collect a debt from Plaintiff, via numerous phone calls and text messages, which Defendants know Plaintiff does not owe

WHEREFORE, Plaintiff, KABRINA WHITE, respectfully requests judgment be entered against Defendants, MONARCH RECOVERY MANAGEMENT, INC. and MONARCH RECOVERY HOLDINGS, INC., for the following:

a. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

DATED:  September 17, 2025            RESPECTFULLY SUBMITTED,


By: /s/ Michael R. Bertucci
Michael R. Bertucci
IL SBN: 6326591
MIKE AGRUSS LAW
1301 W. 22nd St., Suite 711
Oak Brook, IL 60523
Tel: 312-224-4695
Fax: 312-253-4451
Mike.bertucci@844seemike.com
Attorney for Plaintiff